UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Eric Johnson

    v.                                              Case No. 25-cv-231-SM-TSM

Warden, FCI Berlin

## REPORT AND RECOMMENDATION

Self-represented Plaintiff Eric Johnson filed a Complaint (Doc. No. 1) and Complaint Addenda (Doc. Nos. 2, 3)[1] alleging violations of his federal constitutional rights during his incarceration at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin") relating to his placement in administrative segregation at that facility in March 2025. The Complaint is before the undersigned Magistrate Judge for preliminary review pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

## PRELIMINARY REVIEW STANDARD

In conducting preliminary review under 28 U.S.C. § 1915A(a) and LR 4.3(d)(1), the Court takes as true the facts asserted in a self-represented prisoner's complaint, and inferences reasonably drawn from those facts, strips away the legal conclusions, and considers whether the complaint states a claim that is plausible on its face. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In determining whether a pro se

---

[1] Johnson's initial filing (Doc. No. 1) was styled as a request for preliminary injunctive relief. He identified his next filing (Doc. No. 2) as an amendment to his first filing. In his third filing (Doc. No. 3), Johnson requests the court construe his filings as the complaint in a new civil action seeking damages as well as injunctive relief. The court construes Documents Nos. 1, 2, and 3, together, as the operative Complaint in this matter for all purposes.

1

complaint states a claim, the court construes it liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The court may dismiss claims if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief might be granted, or the action is frivolous or malicious. See 28 U.S.C. § 1915(e)(2).

## BACKGROUND

Johnson asserts that on or about March 17, 2025, he was placed in the Special Housing Unit ("SHU") in "administrative segregation/detention" status. Doc. No. 1, at 1. Prison officials told Johnson he was so placed due to a pending investigation by Special Investigation Services. Prison officials did not provide Johnson with an Administrative Detention Order ("ADO") within twenty-four hours of his arrival at the SHU, and did not provide him with mandatory review hearings, both of which are required by Federal Bureau of Prisons ("BOP") regulations. Johnson states that he has neither committed nor been charged with any disciplinary infraction. Johnson also asserts that his continued detention in the SHU, without any knowledge of the reason he is there or how long he might expect to remain there, has caused him extreme mental stress.

Johnson asserts that, due to his continued placement in the SHU, he has been unable to access to his legal materials and his communication with his attorney has been impeded. Johnson states that his criminal case is on appeal in the Fourth Circuit Court of Appeals, and oral arguments in that matter were held May 8, 2025, but he was not able to adequately assist his attorney in researching or preparing for his appeal prior to the scheduled oral arguments.

Johnson suspects his continued detention in the SHU is retaliatory. Specifically, he alleges FCI Berlin is known to retaliate against prisoners who file complaints, and that he has previously "had some success in doing so." Id. at 4.

## CLAIMS

Seeking damages and injunctive relief,[2] Johnson asserts the following claims:

1.      The FCI Berlin Warden violated, and continues to violate, Johnson's Fifth Amendment right to due process by housing him in administrative segregation in the SHU for more than ninety days without providing him with any notice of the reason for his detention, or process of review of the detention.

2.      The FCI Berlin Warden violated, and continues to violate, Johnson's Eighth Amendment right not to be subjected to cruel and unusual punishment, by housing him in administrative segregation in the SHU for more than ninety days without providing him with any notice of the reason for his detention, or process of review of the detention, which caused him extreme mental stress.

3.      The FCI Berlin Warden failed to follow certain prison regulations with regard to Johnson's administrative segregation in the SHU, in violation of Johnson's Fifth Amendment due process rights, specifically:

   a.      28 C.F.R. § 541.25, by failing to provide him with an ADO within twenty-four hours of his placement in the SHU advising him of the reason he was placed in the SHU, supported by objective and clearly articulated evidence; and

   b.      28 C.F.R. § 541.26(c), by failing to provide him with mandatory thirty-day reviews during his continuous placement in administrative segregation, and by failing to allow him to attend a hearing before a Segregation Review Officer.

4.      The FCI Berlin Warden violated Johnson's First Amendment right to access the courts and his Fifth Amendment right to due process by denying him access to his legal materials, and denying him sufficient contact with his attorney, while his criminal appeal was pending, while he was in administrative segregation in the SHU.

5.      The FCI Berlin Warden violated Johnson's First Amendment right to petition the government for a redress of grievances by placing him in administrative segregation in the SHU in retaliation for past successful administrative complaints he filed.

---

[2] Specifically, Johnson asks the court to order FCI Berlin officials to return him to general population at FCI Berlin, or transfer him to another facility.

## DISCUSSION

I. **Damages Claims**

In his Complaint, Johnson asserts that his claims arise under 42 U.S.C. § 1983, which provides individuals with a cause of action for violations of their federal constitutional rights by persons acting under color of state law. See Alston v. Spiegel, 988 F.3d 564, 574 (1st Cir. 2021). Johnson, however, is suing individuals who, as federal employees, are alleged to have acted under color of federal law. There is no federal statute analogous to § 1983 providing individuals with a cause of action for damages claims asserted against federal officers and employees in their individual capacities, for alleged violations of federal rights.

In the absence of such a statute, individual damages claims against federal defendants arise, if at all, under Bivens v. Six Unk. Fed. Narcs. Agents, 403 U.S. 388 (1971).

> To determine whether a Bivens claim may proceed, the Court has applied a two-step test. First, the Court asks whether the case presents a "new Bivens context" – that is, whether the case "is different in a meaningful way" from the cases in which [the Supreme] Court has recognized a Bivens remedy. Second, if so, we then ask whether there are "special factors" indicating that "the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'"

Goldey v. Fields, 606 U.S. 942, 944 (2025) (internal citations omitted).

Johnson's claims assert violations of his Fifth Amendment right not to be held in administrative segregation without being provided with notice of the reasons for, or administrative review of, his detention; his Fifth Amendment right to have prison staff members, officers, and/or officials comply with BOP regulations, rules, and policies; his Eighth Amendment right not to be subjected to cruel and unusual punishment by being placed in administrative segregation for an extended period of time; his First Amendment right to access the courts; and his First Amendment

4

right not to be subjected to adverse action in retaliation for exercising his First Amendment rights. The Court examines Johnson's claims applying the two-step test set forth above.

The Supreme Court has "repeatedly emphasized that recognizing a cause of action under Bivens is a disfavored judicial activity." Id. at 944 (internal quotation marks and citations omitted). The Supreme Court has only recognized a damages remedy for federal constitutional violations asserted against federal actors in three circumstances: (1) "'under the Fourth Amendment' against federal agents who allegedly manacled the plaintiff and threatened his family while arresting him for narcotics violations," (2) "for a former congressional staffer's Fifth Amendment sex-discrimination claim," and (3) "for a federal prisoner's inadequate [medical] care claim under the Eighth Amendment." Egbert v. Boule, 596 U.S. 482, 490-91 (2022) (quoting Bivens, 403 U.S. at 397; Carlson v. Green, 446 U.S. 14 (1980); Davis v. Passman, 442 U.S. 228 (1979)); see also Ziglar v. Abbasi, 582 U.S. 120, 131 (2017).  The Supreme Court has never recognized Bivens damages claims for any of the rights Johnson's claims concern, and each of Johnson's claims is "'meaningful[ly]' different from the three cases in which the [Supreme] Court has implied a damages action." Egbert, 596 U.S. at 492 (alternation in original) (citing Ziglar, 582 U.S. at 139). Therefore, to the extent he seeks damages for those claims, Johnson's claims each present "'a new Bivens context.'" Id.

This court next looks to "whether there are 'special factors'" present in this case which counsel against extending Bivens to these new contexts. Goldey, 606 U.S. at 944 (quoting Egbert, 596 U.S. at 492).  In Goldey, the Court addressed whether a prisoner could assert an Eighth Amendment excessive force claim for damages under Bivens.  606 U.S. at 944-45.

> This case arises in a new context, and "special factors" counsel against recognizing an implied Bivens cause of action for Eighth Amendment excessive-force violations.  To begin with, Congress has actively legislated in the area of prisoner

> litigation but has not enacted a statutory cause of action for money damages. In addition, extending Bivens to allow an Eighth Amendment claim for excessive force could have negative systemic consequences for prison officials and the "inordinately difficult undertaking" of running a prison. Moreover, "an alternative remedial structure" already exists for aggrieved federal prisoners. The existence of such alternative remedial procedures counsels against allowing Bivens suits even if such "procedures are 'not as effective as an individual damages remedy.'"

Id. (internal citations omitted).

The special factors identified in Goldey, with regard to the Eighth Amendment excessive force claim at issue there, apply equally to Johnson's claims. Congress has not enacted a statutory cause of action for money damages, either generally or with regard to the sort of claims Johnson raises, but has otherwise "actively legislated in the area of prisoner litigation." Id. at 944. Further, extending Bivens to the types of claims asserted by Johnson could negatively impact the running of federal prisons. Finally, administrative remedy procedures are available to Johnson at the prison.[3] See id. Accordingly, Johnson cannot pursue damages in this action for the claims he asserted in the Complaint, and the district judge should dismiss Johnson's claims seeking damages.

## II.     Claims for Injunctive Relief

### A.     Claims to be Served (Claims 1 and 2)

Johnson's Fifth Amendment and Eighth Amendment claims arising from his extended detention in administrative segregation in the SHU, without notice of the reasons for that detention or a review hearing to determine whether his detention is appropriate, as summarized in Claims 1

---

[3] Johnson asserts that he initiated administrative remedies but, at the time of filing his Complaint had not received any response to his administrative complaints. It is not clear from the information in the Complaint whether Johnson fully exhausted all of the levels of the BOP's administrative remedy program, and therefore, whether he has, or might yet, obtain some relief through that process.

and 2 above, are sufficiently stated to proceed in this matter to the extent they seek injunctive relief. In an Order issued simultaneously with this Report and Recommendation, the court directs service of those claims on the FCI Berlin Warden in his or her official capacity.

B.    Failure to Follow Regulations (Claim 3)

In addition to asserting a due process violation concerning the lack of process, notice, and review of Johnson's extended housing in administrative segregation, Johnson asserts a separate Fifth Amendment due process claim based on the failure of prison officials to follow BOP regulations, specifically, 28 C.F.R. § 541.25 and 28 C.F.R. § 541.26(c). However, standing alone, "[a]n assertion that prison officials failed to follow prison rules or policies does not set forth a constitutional claim." McFaul v. Valenzuela, 684 F.3d 564, 579 (5th Cir. 2012); see also El v. Hazlewood, No. 19-cv-647-JL, 2020 U.S. Dist. LEXIS 103435, at *12, 2020 WL 3086289, at *5 (D.N.H. May 7, 2020), R&R approved, 2020 U.S. Dist. LEXIS 101518, at *1, 2020 WL 3086273, at *1 (D.N.H. June 9, 2020). Accordingly, the district judge should dismiss Johnson's due process claim, summarized above as Claim 3, based on the failure to follow BOP regulations.

C.    Access to the Courts (Claim 4)

Johnson alleges prison officials violated his First Amendment right to access to the courts and his Fifth Amendment right to due process by not allowing him to have his legal materials, or sufficient access to his attorney, while he was in administrative segregation. To state a claim for a denial of the right of access to the courts, a prisoner must demonstrate must assert facts showing that he was actually injured in his ability to pursue an actionable, nonfrivolous claim in a post-conviction proceeding or other civil rights matter he was entitled to litigate. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996).

Johnson's Fourth Circuit appeal is the only matter he claims required him to have his legal materials and sufficient access to his attorney. Johnson is represented by counsel in his appeal, and nothing in the Complaint suggests that counsel was unable to fully protect Johnson's rights in that appeal and particularly, at the May 8, 2025 oral argument in that matter. Johnson has not alleged facts to indicate that his appeal was impaired or harmed in any way by his limited access to his legal materials and his attorney while he was in the SHU. Accordingly, the district judge should dismiss Johnson's access to the courts claim, summarized above as Claim 4.

D.    Retaliation (Claim 5)

Johnson states that FCI Berlin has a reputation for taking retaliatory action against prisoners who file administrative complaints. Accordingly, he contends, his past successful administrative complaints suggest that his placement in SHU was retaliatory. The First Amendment shields prisoners from retaliation in response to protected speech. See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011). To state a First Amendment retaliation claim, a plaintiff must allege specific facts to demonstrate that: (1) he engaged in activity protected by the First Amendment; (2) he was subject to a non-de minimis adverse action taken by the defendant(s); and (3) that the protected conduct in which the plaintiff engaged "'was a substantial or motivating factor in the adverse action.'" Falmouth Sch. Dep't v. Doe, 44 F.4th 23, 47 (1st Cir. 2022) (citation omitted).

By filing administrative complaints, Johnson exercised his First Amendment right to petition the government for a redress of grievances. Further, being placed into administrative segregation in the SHU for an extended period of time may well be more than a de minimis act. However, nothing Johnson alleges in his Complaint, other than his own speculation, demonstrates

that his move to the SHU was in any way motivated by or related to any past administrative complaint. Johnson's statement that FCI Berlin is known to take retaliatory action in response to administrative complaints is insufficient to make that showing. Accordingly, the district judge should dismiss Johnson's First Amendment retaliation claim, summarized above as Claim 5.

## CONCLUSION

For the foregoing reasons, the District Judge should dismiss all of the claims in the Complaint other than Johnson's Fifth Amendment and Eighth Amendment claims for injunctive relief arising out of his administrative detention in the SHU, identified herein as Claims 1 and 2, asserted against the FCI Berlin Warden in his or her official capacity. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

August 1, 2025

cc: Eric Johnson, pro se